**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: April 21 2014**

_Mary Ann Whipple_
United States Bankruptcy Judge
(Successor Judge Docket)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In Re: ) Case No. 10-36589
)
Richard A. Spencer and Frances A. Spencer, ) Chapter 13
)
Debtor(s). )
) Successor Judge

### ORDER

The court held an expedited hearing on April 18, 2014, on Debtors' Motion to Include Post-Petition Debt ("Motion") [Doc. # 77].

The Motion was filed on April 15, 2014. By order also entered on Debtors' separate motion to expedite the hearing on April 15, 2014, [Doc. # 79], but not mailed to the affected Creditor until April 17, 2014, [Doc. # 80], the Motion was set for a hearing to occur on April 18, 2014. Attorney for Debtors and Attorney for the Chapter 13 Trustee appeared at the hearing in person. There was no appearance on behalf of the affected Creditor, but based on the short notice provided on an emergency basis it is unlikely the Creditor had due notice of the hearing in time to appear and be heard. Because of the court's decision set forth below, the court finds that the Creditor has not been harmed by the probable lack of due notice of the April 18, 2014, hearing.

Debtors' confirmed plan will pay a minimum dividend of 10% to unsecured creditors. The Motion asks the court to force a post-petition creditor owed unspecified amounts for medical bills and who is

garnishing wages to collect them, thereby imperiling plan performance, to participate in Debtors' confirmed Chapter 13 plan as unsecured creditors.

Debtors do not cite any statutory authority for the requested relief and call upon the equitable powers of the court to grant the Motion. While the court understands the difficulty posed by the collection of post-petition medical bills from Debtors and the deleterious effect of that action on their ability to pay ongoing living expenses and continue with this case, the court finds that the requested relief is not permitted by the Bankruptcy Code.

Section 1305 of the Bankruptcy Code, governs filing and allowance of post-petition claims. 11 U.S.C. § 1305. It provides in relevant part that "[a] proof of claim may be filed by any entity that holds a claim against the debtor–...that is for a consumer debt, that arises after the date of the order for relief under this chapter..." 11 U.S.C. § 1305(a)(2). Congress specifies in this section that certain post-petition creditors may elect to participate in a Chapter 13 plan by filing a proof of claim in the case. The use of the word "may" makes it clear, however, that the court cannot force such post-petition creditors to participate in a confirmed plan, as Debtors request, if they do not want to. Only the holder of the post-petition claim may file a claim and choose to become involved in the case. *In re Sims*, 288 B.R. 264 (Bankr. M.D. Ala. 2003); *In re Hester*, 63 B.R. 607 (Bankr. E.D. Tenn. 1986).

While the affected creditor, Credit Adjustments, Inc., has filed a claim in this case, it was filed on March 9, 2011, and is only for pre-petition debt. Unlike with pre-petition debts, *see* Fed. R. Bank. P. 3004, there is no procedural mechanism allowing a debtor or trustee to file proof of a post-petition claim on behalf of a creditor. Even if the Bankruptcy Code permitted the requested relief, its implementation lacks support in the rules of procedure, yet another indication that the requested relief is impermissible.

Finally, the court cannot authorize under its general equitable powers or 11 U.S.C. § 105 relief that is otherwise contrary to specific sections of the Bankruptcy Code. *Law v. Siegel*, –U.S.–, 134 S. Ct. 1188, 1194-95 (2014).

Based on the foregoing and the reasons and authorities otherwise stated on the record by the court at the hearing, Debtors' Motion will be denied.

**IT IS THEREFORE ORDERED** that Debtors' Motion to Include Post- Petition Debt ("Motion") [Doc. # 77] be, and hereby is, **DENIED.**

###